IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHERI KIMBERLY MARSH,

    Petitioner,

v.                                  Civil Action No. 5:05CV167
                                   (Criminal Action No. 5:04CR36-02)
UNITED STATES OF AMERICA,                      (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On September 27, 2005, the petitioner, Cheri Kimberly Marsh, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The petitioner, an inmate in federal custody, seeks a reduction of her prison sentence. This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. By order entered on November 4, 2005, the magistrate judge directed the government, as respondent, to file an answer to the petitioner's petition. The government filed a response on December 19, 2005, to which the petitioner filed no reply.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

On June 13, 2007, Magistrate Judge Seibert entered a report and recommendation recommending that the § 2255 petition be denied and dismissed with prejudice because the petitioner, in her plea agreement, knowingly, intelligently, and voluntarily waived her right to collaterally attack her conviction. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. No objections were filed.[2]

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation for clear error.

---

[2]The copy of the Report and Recommendation which was mailed to the petitioner was returned as undeliverable on June 28, 2007. On November 5, 2007, this Court received notification of the petitioner's new address and re-mailed the Report and Recommendation to the petitioner. She filed no objections.

2

III.  Discussion

The petitioner contends that her sentence should be reduced pursuant to 28 U.S.C. § 2255 because the sentence imposed was based solely on the advisory sentencing guidelines and was, therefore, unreasonable.  According to the petitioner, the court failed to consider several relevant factors, including her cooperation with federal drug enforcement officials; her history of domestic violence, mental illness, and substance abuse; and her family obligations.  Moreover, the petitioner claims that she had agreed to cooperate with law enforcement officials in exchange for United States Drug Enforcement Agent Kevin Cecil's assurance that she would receive no term of imprisonment but would, instead, be placed in a drug treatment facility.

Based upon a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 application be denied because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her sentence when she pled guilty to Count Two of an indictment charging her with aiding and abetting the distribution of more than 5 grams of cocaine base. Specifically, the petitioner signed a plea agreement on January 17, 2005, which stated that she "waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code,

3

Section 2255 (habeas corpus)."[3] Furthermore, the magistrate judge found that this Court, at sentencing, granted a motion for a downward departure from the applicable guideline range for the petitioner's sentence based upon the petitioner's substantial assistance.

Because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her conviction, the petitioner's application for habeas corpus pursuant to § 2255 must be denied.

## IV. <u>Conclusion</u>

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the petitioner's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Because the petitioner has failed to object, she has waived her right to seek appellate review of this

---

[3]This Court accepted and filed the petitioner's plea agreement in open court on January 20, 2005.

4

matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 22, 2008


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE